UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 3:11-CR-046 |
| | ) | Judge Phillips |
| LAURA MELLOR | ) | |

## **MEMORANDUM & ORDER**

Defendant Laura Mellor has filed two *pro se* motions which are currently pending: a Motion to Correct Petitioner's Sentence Pursuant to 18 U.S.C. § 3742 Motion [sic] Based On Incorrect Base Offense Level [Doc. 103] and a letter motion to reduce her sentence pursuant to Amendment 782 [Doc. 104]. The record reflects that Ms. Mellor was sentenced on November 30, 2012 to a 144-month term of imprisonment for violating 21 U.S.C. §§ 846, 841(a)(1), and punishable pursuant to 21 U.S.C. § 841(b)(1)(C), for conspiracy to distribute and possession with intent to distribute a mixture and substance containing a detectable amount of oxycodone and heroin and that serious bodily injury to another person did result from that person's use of heroin [Doc. 91].

With regard to Ms. Mellor's first motion [Doc. 103], she argues that her base offense level was incorrectly calculated and she should not be subject to the mandatory minimum sentence in 21 U.S.C. § 841(b)(1)(C). Ms. Mellor includes reference to Amendment 782 in her analysis, although it is not clear that her motion is intended to be a motion for reduction of sentence pursuant to Amendment 782. She asks for the Court to "correct [her] advisory sentencing guideline range based on new legislation and

Supreme Court ruling" pursuant to 18 U.S.C. § 3742. However, 18 U.S.C. § 3742 does not provide this Court with authority to review or correct her sentence. Instead, this statute permits a defendant to file in this court a notice of appeal of her sentence to the appellate court; the review of her sentence is conducted by the appellate court. Ms. Mellor's motion, however, does not request appellate review of her sentence and the Court further observes that any such request would be time-barred. *See* Fed. R. App. P. 4(b)(1)(A).

Prior to the enactment of the Antiterrorism and Effective Death Penalty Act, this motion automatically would have been deemed to be a motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255. Ms. Mellor, however, has not labeled her submission as a § 2255 motion and such a recharacterization by the Court carries potentially adverse consequences of which Ms. Mellor may be unaware. One of those consequences is that it may make it substantially more difficult for her to file another § 2255 motion because the motion would be subject to the restrictions on "second or successive" motions in 28 U.S.C. § 2255(h). *See Castro v. United States*, 540 U.S. 375, 382—83 (2003) (before a *pro se* litigant's motion may be recharacterized as a first § 2255 motion, the district court must give certain warnings); *accord, In re Shelton*, 295 F.3d 620, 622 (6th Cir. 2002). The Court also observes that any such request for § 2255 relief would be time-barred. 28 U.S.C. § 2255(f).

Therefore, the Clerk of Court is **DIRECTED** to mail the defendant a copy of this order, accompanied by the form which is used to file motions to vacate under § 2255. **No later than January 8, 2016**, the defendant must either: (1) fill out and return the attached

2

preprinted form motion to signify that, in submitting her motion, she intended to bring a motion to vacate under § 2255; or (2) if she does not choose option (1), she must describe, in writing and in sufficient detail, the specific type of action or motion she is filing and explain the basis upon which the requested relief can be granted. <u>If the defendant does not timely comply with this order, the court will assume that she does not wish to proceed in this matter and will deem her first motion [Doc. 103] withdrawn</u>.

With regard to her second pending motion [Doc. 104], defendant states that she is providing additional information for consideration when a forthcoming Amendment 782 motion is filed by counsel on her behalf. As of this date, no such motion has been filed on defendant's behalf. If a motion is filed by counsel, the Court will not consider defendant's *pro se* filing, *see* E.D. Tenn. L.R. 83.4(c), and defendant is encouraged to provide any information for consideration regarding a sentence reduction motion pursuant to Amendment 782 to her counsel. Both *pro se* motions [Docs. 103, 104] will remain **PENDING** until defendant clarifies the type of relief she is seeking.

IT IS SO ORDERED.

                                        s/ Thomas W. Phillips
                                    SENIOR UNITED STATES DISTRICT JUDGE